IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Cr. No.  09-1750 JH

DAVID EUGENE BIRDSALL,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's *Motion to Reconsider*, filed March 10, 2010 [Doc. 83]. The Court, having carefully considered the motion, briefing, and relevant law, and being otherwise fully informed, finds that Defendant's motion to reconsider is not well taken and should be DENIED.

## BACKGROUND

On October 30, 2009, Defendant filed a motion seeking to suppress "any and all evidence seized from [Defendant's] vehicle, person, and effects," as well as any of Defendant's post-arrest statements. Doc. 27 at 1-2. Defendant argued that police officers lacked reasonable suspicion to seize Defendant without a warrant and that the officers lacked probable cause to seize firearms and ammunition from Defendant's vehicle without a warrant. *See* Docs. 27 and 28. The Court held a suppression hearing on January 27, 2010 and February 2, 2010. *See* Docs. 72 and 74. Three Los Lunas Police Department Officers who were involved in the incident that led to Defendant's arrest testified at the hearing, as did Defendant's brother-in-law, who called police on the day of Defendant's arrest to report Defendant's threats.

On February 24, 2010, the Court issued a Memorandum Opinion and Order denying

Defendant's Motion to Suppress [Doc. 81].[1]  The Court's opinion addressed the arguments raised in Defendant's briefing, testimony adduced at the suppression hearing, and evidence admitted at the hearing, including a recording of the telephone call made from Defendant's brother-in-law to the police dispatch operator, communications between the dispatch operator and officers, and a recording of one officer's belt tape.  On March 10, 2010, Defendant timely filed a motion requesting that the Court reconsider its denial of his suppression motion [Doc. 83].

## DISCUSSION

Although motions to reconsider rulings on pretrial motions in criminal cases are rare, courts should apply the same standards that they would use to evaluate a similar motion in the civil context.  *See United States v. Carr*, No. 09-40071, 2010 U.S. Dist. LEXIS 33578, at *3 (D. Kan. Apr. 5, 2010).  A motion to reconsider is warranted in the event of "(1) an intervening change in controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is also "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.  However, "a motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.). *aff'd*, 43 F.3d 1484 (10th Cir. Dec. 21, 1994) (table).

Defendant's motion to reconsider lists the same assertions made in his motion to suppress, cites findings of fact and conclusions of law from the Court's Memorandum Opinion

---

[1] A background of the events leading to Defendant's arrest and a full explanation of the Court's basis for denying Defendant's Motion to Suppress is found in the Court's Memorandum Opinion and Order.

and Order, and cites "other facts in the record." Doc. 83.  However, it does not present any evidence that was not already before the Court when it rendered its decision, nor does it contend that an intervening change in the law mandates a different result.  The Court did not misapprehend Defendant's earlier arguments; it simply rejected them and provided a detailed explanation for doing so.[2]  Defendant's motion is little more than an attempt to revisit issues already addressed by the Court and to re-make arguments that have already been raised in prior briefing and at the motion hearing.  As such, it must be denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Reconsider* [Doc. 83] is DENIED.

                                                                                                       *[signature]*

                                               **UNITED STATES DISTRICT JUDGE**

---

[2] Defendant spends a good deal of his brief pointing to discrepancies between times shown in Government's Exhibit 3 (a CAD dispatch report) and Government's Exhibit 6A (the belt tape), and argues that the United States has provided no explanation for the discrepancy in times.  All of the information regarding time discrepancies was available to the Court at the time it issued its Memorandum Opinion and Order, as it had been the subject of argument by Defendant at the hearing.  Officer Sanchez testified at the hearing that the times on the dispatch logs are only approximate, thus providing an explanation for the discrepancy in times.  *See* Transcript of February 2, 2010 hearing [Doc. 77] at 25.  In making its ruling, the Court implicitly accepted this explanation.